EVALINE SMITH, Respondent, *v.* HENRY VAN OLINDA et al., Appellants.

One who furnishes the credit, and in whose name a business is carried on, is the legal owner of the property purchased upon his credit and employed in the business, although the beneficial interest in the business is in another.

In an action for conversion of personal property, defendants justified under a judgment and execution against a third person who carried on business in plaintiff's name, as her agent, and with materials and labor purchased and procured upon her credit. The property levied upon was thus manufactured.   Upon the trial defendants offered to prove that plaintiff allowed the execution debtor to use her name and credit to carry on business for his sole benefit.   The court excluded the evidence.   The court also refused to submit to the jury the question whether such an arrangement was fraudulent and void as to creditors.

*Held*, no error; that no fraud could be deduced therefrom.   (*Booth* v. *Bunce*, 24 N. Y., 592, distinguished.)

(Argued May 10th, 1871; decided September term, 1871.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial district, affirming a judgment in favor of plaintiff entered upon a verdict.

The action was to recover for the alleged wrongful conversion of a wagon by the defendants.

The defendants denied the allegations of the complaint, and alleged the recovery of a judgment in the Supreme Court, in favor of Van Olinda against James H. Smith and George Smith, in 1862; an execution issued thereon, and delivered to the defendant Davis, as a deputy sheriff, under which the wagon was levied on and sold as the property of James H. Smith.

At the trial, it appeared that the plaintiff rented a shop, and purchased the necessary tools and stock to carry on the business of wagon making, on her own credit, in 1860, giving her notes for the amount, which were afterward paid out of the income and earnings of the business. James H. Smith was employed as the agent of the plaintiff, to superintend and carry on the business, under an agreement with the plaintiff, who was his step-mother, that he should have for his services a good living out of the business. He made all the purchases, employed workmen and collected the debts due, as the agent of his mother, and in her name, and applied the income to the payment of her liabilities contracted in the said business. She was possessed of property and credit. The wagon levied on was built at the shop, with stock and materials so purchased. On the part of the defendants it appeared in evidence that said James had been engaged in the same business on his own account, prior to 1860, and failed; that the debt due to the plaintiff was contracted prior to that date; that the plaintiff had put into the business no money except the sum of fifteen dollars, which the said James had obtained from her to make up a sum when he went to Albany to make some purchases for the business; that she had not received anything from the business; that no account was kept of the money received in it, and none was rendered to the plaintiff; that the business amounted to $1,000 or $2,000 a year; nothing was said as to what was to be done with the income over and above the living of the said James; that he had paid out all

that had been received for labor employed, rent of the shop, and the tools and stock purchased, and his own expenses.

It also appeared on the part of the plaintiff, that the entire earnings did not exceed the amount of her liabilities.

The recovery of the judgment, the issuing of the execution, and the levy thereunder were admitted. It was also admitted that the defendant Davis was deputy sheriff, and acted under the said execution, and that Van Olinda was the plaintiff therein and directed the said levy.

The defendants then offered to prove that the plaintiff gave James H. Smith the right to carry on the business of wagon making and blacksmithing, in her name, and on her credit, for his sole benefit, and claimed that its effect was to hinder, delay and defraud the creditors of said Smith. The court sustained an objection thereto by the plaintiff, and the defendants excepted.

The defendants asked to have the question submitted to the jury, whether the arrangement between the plaintiff and James H. Smith was not fraudulent and void as against his creditors. The court denied this request, and the defendants excepted.

The jury rendered a verdict for the plaintiff for $125, for which sum, with costs, judgment was entered against the defendants.

*H. B. Cushney* for the appellants. The arrangement between plaintiff and James M. Smith was a mere cover, and fraudulent and void as to creditors. (*Booth* v. *Bunce*, 24 N. Y., 592, 595.) The question of fraud is for the jury. (*Bishop* v. *Cook*, 13 Barb., 326; *Wakeman* v. *Dalley*, 44 Barb., 498, 503; *Thompson* v. *Blanchard*, 4 N. Y. R., 303; *Ford* v. *Williams*, 24 N. Y. R., 359.)

*J. M. Carroll* for the respondent. The arrangement was not fraudulent. (*Buckley* v. *Wells*, 33 N. Y., 518.)

LEONARD, C. I am unable to perceive any error in this case. The case of *Booth* v. *Bunce* (24 N. Y., 592) is much

relied on by the defendants' counsel. There the execution creditor, who had levied on and purchased the property in question, offered to prove that the corporation, from whose possession it was taken, was organized to defraud the creditors of the debtor in the execution. The Court of Appeals held that it was error to exclude such evidence.

The question in this case is not at all the same. Here the offer was to prove that the plaintiff allowed the execution debtor to use her name and credit to carry on business for his sole benefit. There is no fraud in such facts, nor can any be deduced from them. She might have allowed the use of her name and capital, giving the whole profits to her step-son, without any injury to his creditors. If he acquired any property thereby, it would belong to his creditors, but clearly not her property which the step-son or debtor was allowed to use. It is the same with property acquired on her credit. The property so acquired belongs to her.

If there is any evidence showing fraud or a fraudulent intent, the case must go to the jury; but I am entirely unable to discover any facts in this case that would support any such conclusion. It is not in question by any fact in the case that the wagon levied on was made with materials and labor procured on her credit. She was the owner of the wagon, and there was nothing in the evidence on which the jury could find her title to be fraudulent. The judgment should be affirmed with costs.

All concur.

Judgment affirmed.